Milligan, J.,
delivered the opinion of the Court.
The decree of the Chancellor in this case must be affirmed. The grounds of equity set up and relied upon in the bill, are predicated on a parol contract, which, it is insistéd, raises a trust resultant in favor of Mrs. Holder, in twelve hundred and eighty acres of land in DeKalb County.
It appears that the land was entered by Theodorick Burton, the father of Mrs. Holder, in 1830, and surveyed/ in 1832. The plat and certificate was retained in the possession of the enterer until 1841, and then *289 transferred, by written arrangement, to tbe defendant, Nunnelly, in whose name, as the assignee of Burton, the grant issued the same year. The assignment, as it is insisted, was made in trust for the benefit of Mrs. Holder, who was then only about ten years old. Nunnelly, as it appears from the parol contract relied on to raise the trust, ■ was to support and educate Mrs. Holder, and in consideration thereof, to have one-half of the lands granted to him as assignee of Burton, in 1841.
The bill charges, that Nunnelly, instead of complying with this contract, confederated with one Halcrum, his brother-in-law, to cheat and defraud Mrs. Holder out of her interest in the land. Halcrum was the agent and attorney of Nunnelly, and as such he has sold, and by deed conveyed the larger portion of the lands. The purchasers under Nunnelly and his agent, Halcrum, are brought in as defendants, and this bill is filed to assert Mrs. Holder’s rights under the parol agreement.
The whole case turns upon the question, whether the proof is sufficient to raise the trust insisted on. The doctrine of implied or resulting trusts is well settled, and we recognize it to the fullest extent; but,, both upon reason and authority, the Courts will not enforce it, unless the trust is established by the most convincing and irrefragable proof: McCammer vs. Pallet et al., 3 Sneed, 242.
The parol contract relied on, rests upon the testimony of G-. P. Pegg, one of the - subscribing witnesses to the assignment of the plat and certificate in 1841. *290 He states, that at the time he witnessed the assignment, it was understood and agreed upon, that Nun-nelly was to take Mrs. Holder, then a small girl, and raise and educate her, for which he was to have one-half the land, and Mrs. Holder the other. This is but the recollection of a conversation that, occurred in 1841, and it is in conflict with the terms of the written instrument he then witnessed. It is but slightly corroborated by the other proof in this cause; and the witness’s credibility is severely assailed by dis•crediting witnesses. True, he is sustained by an equal ,or greater .number; but, all that out of the case, we •are clearly of the opinion, the testimony is not suffi--eient to raise such a trust as a court of equity would resecute.
We think the Chancellor decided correctly, and we .affirm ¡his decree.